UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: ___6.16-21___

KRISTINA E. LEE, *an individual suing on behalf of herself and other similarly situated persons,*

   *Plaintiff,*

  v.

MLB ADVANCED MEDIA, L.P., *a Delaware Limited Partnership*, and SAN FRANCISCO GIANTS BASEBALL CLUB, LLC, *a Delaware Limited Liability Company,*

   *Defendants.*

CASE NO: 1:21-CV-01719 (JGK)

## CONFIDENTIALITY AGREEMENT AND JOINT MOTION FOR PROTECTIVE ORDER

THE PARTIES jointly agree to be bound by this Confidentiality Agreement ("Agreement") and jointly move for entry of this Agreement as a Consent Protective Order. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause, the parties submit this Agreement and Proposed Order.

1. Scope of Protection.

The information subject to discovery in these consolidated cases includes confidential business records, trade secrets, proprietary information, and sensitive non-public information (collectively "Confidential Information"). Confidential Information may be used for the purpose of this litigation and not for any other purpose. This Agreement and Proposed Order shall govern all Confidential Information produced in this action. This

includes, but is not limited to, documents, testimony, exhibits, interrogatory answers, disclosures, and other information.

2.     Designation of Information.

(a)     Information provided during the course of this action may be designated as Confidential. This may be done by placing "Confidential" on the document, designating the information as Confidential in writing, or making the designation orally on the record at a deposition or other proceeding, or within 30 days after such deposition or proceeding.     Such information shall be treated as Confidential Information pursuant to the terms of this Agreement and Proposed Order.

3.     Disclosure and Use of Confidential Information.

Information that has been designated as Confidential shall be used only for the purpose of these consolidated cases and shall not be used or disclosed for any other purpose. Confidential Information may only be disclosed to the following:

(a)     The parties and counsel for the parties in this action, including the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services, and graphic services;

(b)     The ~~Court officials~~ and Court personnel involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(c)     Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

2

(d)     Experts or consultants employed by counsel for the parties who are reasonably necessary for development and presentation of the party's case and who sign a copy of Exhibit A prior to reviewing any Confidential Information;

(e)     Any witness who is called during the course of discovery or trial, so long as it is reasonably beneficial for the witness to have access to Confidential Information and the witness signs a copy of Exhibit A prior to reviewing any Confidential Information; and

(f)     Any mediator selected by the parties or appointed by the Court, so long as the mediator and all participants in the mediation sign a copy of Exhibit A prior to reviewing any Confidential Information.

4.     Inadvertent Failure to Designate.

(a)     In the event that a producing party inadvertently fails to designate any of its information as Confidential, it may later designate by notifying the receiving parties in writing. The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b)     It shall be understood that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation of information as Confidential.

5.     Challenge to Designation.

(a)     Any receiving party may challenge a producing party's designation at any time. A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not an appropriate designation for any reason.

(b)     In the event of a challenge, the challenging party must make reasonable efforts to confer with the designating party before challenging the designation in Court;

(c)     The burden of proving that the designation is appropriate shall be upon the designating party. In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or may be made to any limited extent upon which the parties can agree). No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(d)     With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

(1)     the information in question has become available to the public through no violation of this Order; or

(2)     the information was known to any receiving party prior to its receipt from the producing party; or

(3)     the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

6.     Inadvertently Produced Privileged Documents.

The disclosure of communications or information covered by the attorney-client privilege or work-product protection shall be governed by Federal Rule of Evidence 501. The parties shall consider whether they can agree to the entry of an order pursuant to Federal Rule of Evidence 502(d).

7.    Inadvertent Disclosure.

In the event of an inadvertent disclosure of another party's Confidential Information, the designating party shall be informed as soon as reasonably possible, and all reasonable efforts shall be made to retrieve the Confidential Information.

8.    Limitation.

This Order does not limit any party's right to assert at any time that any particular information or document is or is not subject to discovery, production, or admissibility on grounds other than confidentiality.

9.    Conclusion of Action.

(a)    At the conclusion or termination of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all materials and documents designated as Confidential no later than thirty (30) days after the termination of this action and shall certify to the designating party such destruction or return. Termination of this action shall not occur until after the time period file any appeals or to move for reconsideration of any order and/or any appeals or reconsideration process has concluded. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b)    After this action is terminated, trial counsel for the parties may retain one archive copy of all documents and discovery material, even if they contain or reflect another party's Confidential Information. Trial counsel's archive copy shall remain subject to all obligations of this Order.

10.     Production by Third Parties Pursuant to Subpoena.

Any third party producing documents or things or giving testimony in these consolidated cases pursuant to a subpoena, notice, or request may designate said documents, things, or testimony as Confidential and such information shall be treated as Confidential Information pursuant to this Agreement and Proposed Order.

11.     Compulsory Disclosure to Third Parties.

If any receiving party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena, demand, or court order seeks Confidential Information, the receiving party shall give prompt written notice to counsel for the designating party and allow the designating party an opportunity to oppose such subpoena, demand, or court order prior to the deadline for complying with the subpoena, demand, or court order. No compulsory disclosure to third parties of information or material exchanged under this Agreement and Proposed Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

12.     Confidentiality of Designating Party's Information.

Nothing herein shall affect the right of the designating party to disclose Confidential Information to the designating party's officers, directors, employees, attorneys, consultants, experts, or to any other person. Such disclosure shall not waive the protections of this Agreement and Proposed Order and shall not entitle other parties or their attorneys to disclose such Confidential Information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge. Similarly, nothing herein shall preclude a party from disclosing its own Confidential Information,

6

including its own Confidential Information filed under seal by a party, to its officers, directors, employees, attorneys, consultants, experts, or to any other person, and such disclosure shall not waive the protection of this Agreement and Proposed Order.

SO STIPULATED AND AGREED.

Dated:
New York, New York

_6/16/21_

SO ORDERED.

_____
U.S. District Judge

This Order is not binding on the Court
or Court personnel. The Court reserves
the right to amend it at any Time.
So ordered,

6/16/21          U.S.D.J.

7

## Exhibit A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:


_____

Signed in the presence of:


_____

(Attorney)

8